IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JAMES WHITE,

                  Plaintiff,

  -v.-                                           9:07-CV-1147
                                                    (FJS/DEP)
MURPHY, Sergeant, Great Meadow
Correctional Facility, *et al.,*

                  Defendants.

---

APPEARANCES:

FOR PLAINTIFF:

JAMES WHITE, *Pro Se*
96-B-0347
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff James White, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, commenced this action on October 29, 2007 pursuant to 42 U.S.C. § 1983, claiming violation of his

constitutional rights.  *See* Dkt. No. 1.  In his original complaint plaintiff alleged that the three defendants, identified only as Sergeant Murray, Sergeant John Doe, and another Sergeant John Doe, utilized excessive force against him during the course of an incident occurring on August 21, 2007, and that as a result he sustained serious injuries to his face, ear, ribs and back.  *Id.*  Plaintiff's complaint was approved for filing by the court, and a summons was issued and forwarded to the United States Marshal for service upon Sergeant Murray, the only defendant identified with any degree of specificity in plaintiff's complaint.  Dkt. No. 3.

On December 26, 2007 the clerk notified White of the inability of the United States Marshals Service to serve defendant Murray based upon the lack of information concerning his identity.  Dkt. No. 9.  In response, plaintiff advised the court that he had misspelled the name of that particular defendant, and that he had intended to identify that person as "Sergeant Murphy."  Dkt. No. 11.  The court then advised the plaintiff that he should "file an amended complaint, that reflects the proper names and titles of his defendants, on or before January 31, 2008."  *See id.*  Plaintiff did not file an amended complaint within the required time frame; however, by letter dated March 4, 2008, Ronald Purdy, a law clerk at Elmira Correctional

Facility, advised the court that the plaintiff had "just been assigned to [his] care for processing" and that "due to a recent move of the law library from one location to another [they were] just [then] getting organized so that [they could] function."  *See* Dkt. No. 12.  On Plaintiff's behalf, Mr. Purdy requested "an extension of time so that [he could] peruse [the plaintiff's] paperwork and ascertain what [could] be done in [the] matter."  *See id.*  By text order entered on March 5, 2008, I granted that request and extended the plaintiff's time to file an amended complaint until March 31, 2008.  *See* Unnumbered Text Order dated March 5, 2008.

Despite this extension, plaintiff again failed to meet the new deadline for filing an amended complaint.  Nonetheless, in deference to his *pro se* status, by order issued by Senior District Judge Frederick J. Scullin, Jr. on April 15, 2008, the plaintiff was given "one final opportunity to file an amended complaint that names a Defendant upon whom the United States Marshals Service can effect service" within thirty days of the date of that order.  Dkt. No. 13.

On April 17, 2008, in accordance with the terms of that order, plaintiff filed an amended complaint asserting claims similar to those raised in his initial complaint and identifying the three defendants as Sergeant Murphy

3

and two others named only as Sergeants John Doe, further noting that all were working at the Great Meadow Correctional Facility, located in Comstock, New York, on August 21, 2007 and were assigned to the 7:00 a.m. to 3:00 p.m. shift on that date. Dkt. No. 14. Plaintiff's amended complaint was approved for filing by order issued by me on April 24, 2008, Dkt. No. 15, and a summons was subsequently issued by the clerk for Sergeant Murphy and forwarded to the United States Marshal for service. Dkt. No. 16.

The newly-issued summons was subsequently returned to the United States Marshals Service under cover of a letter from Carol Greene, identified as an Inmate Records Coordinator, II at Great Meadow, stating, "we are unable to identify Sergeant Murphy. Please provide more information." Dkt. No. 17. Plaintiff was subsequently notified by the clerk of the return of that service acknowledgment form by letter dated August 4, 2008, requesting that he provide further information that might aid in efforts to serve that defendant. Dkt. No. 19. The court has had no further communications from the plaintiff in response to this request.

On August 20, 2008, based upon a review of the status of the case and in further deference to plaintiff's *pro se* status, I issued an order

directing that the New York State Department of Correctional Services ("DOCS") provide information as to the identity of any employee named Sergeant Murphy assigned to work at Great Meadow on August 21, 2007 during the 7:00 a.m. to 3:00 p.m. shift. Dkt. No. 20. In response, the court received a written communication from William M. Gonzales, Esq., Deputy Counsel of the DOCS, advising as follows:

> A search of relevant records maintained by DOCS has established that there was no corrections' sergeant with the last name of Murphy employed at Great Meadow Correctional Facility assigned to work during the 7:00 AM to 3:00 PM shift on the afternoon of August 21, 2007.

Dkt. No. 21. Rule 4(m) of the Federal Rules of Civil Procedure requires that service of a summons and complaint be made within 120 days of issuance of the summons.[1] That prescribed period may, in appropriate circumstances, be extended by the court. "[W]here good cause is shown,

---

[1] That rule provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This court's local rules shorten the time for service from the 120 day period under Rule 4(m) to sixty days. *See* N.D.N.Y.L.R. 4.1(b).

the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.* (citing Fed. R. Civ. P. 4(m)); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions even in the absence of good cause."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). When examining whether to extend the specified 120 day period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in determining whether good cause exists and whether an extension may be granted in the absence of good cause. *See Zapata*, 502 F.3d at 197.

A plaintiff's *pro se* status entitles him or her to a certain degree of leniency insofar as service of process is concerned; courts generally favor resolution of such a case on its merits, rather than on the basis of a procedural technicality. *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991). When a plaintiff proceeds *in forma pauperis*, such as is the case in this instance, the court is obligated to issue the plaintiff's process to the

United States Marshal, who must in turn effect service upon the defendants, "thereby relieving [the] plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). This does not mean, however, that a *pro se* plaintiff may stand idly by upon being notified that efforts by the U.S. Marshals Service to serve a particular defendant have been unsuccessful. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938-43 (E.D. Mich. 2004). In such instances it is incumbent upon the plaintiff to develop, through pretrial discovery or otherwise, any additional information necessary to permit service by the United States Marshals Service. *See id.* at 942.

Despite the fact that it has been pending for nearly a year, this case has remained stagnant. None of the defendants in the action have been served or have otherwise appeared in the action, and thus the court has never acquired jurisdiction over them. *See, e.g., Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (citing *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 245-46 (1946)) (court lacks jurisdiction until defendants are properly served with summons and complaint). In light of his *pro se* status

7

plaintiff has been afforded considerable latitude, and has been given a full opportunity to supply the information needed to identify the defendants in the action, and in particular the individual originally sued as Sergeant Murray, and later as Sergeant Murphy.  Moreover, the court has undertaken measures of its own initiative to assist the plaintiff in identifying defendant Murphy, in order to move the case forward, though without success.

Under the foregoing circumstances, and particularly in view of plaintiff's failure to respond with additional information despite the court's letter dated August 4, 2008, Dkt. No. 19, I recommend dismissal of plaintiff's complaint, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  *See, e.g., Gowan v. Teamsters Union (237)*, 170 F.R.D. 356 (S.D.N.Y. 1997) (dismissing action pursuant to Rule 4(m) for failure to effect service where the plaintiff gave the U.S. Marshals Service only out-dated information); *VanDiver*, 304 F. Supp. 2d at 941-42 (dismissing action pursuant to Rule 4(m) where plaintiff failed to provide the U.S. Marshals Service with updated information on the defendants and failed to respond after receiving notification that the summonses were returned unexecuted).

Based upon the foregoing it is hereby

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in all respects, without prejudice, based upon his failure to effectuate or arrange for service upon any of the defendants named in his complaint, as amended within the time period prescribed by the Federal Rules of Civil Procedure and under this court's local rules.

NOTICE: pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation. Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   October 8, 2008
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge